**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 96-50692**
**Summary Calendar**
_____


**GIHLS PROPERTIES INCORPORATED,**

**Plaintiff-Appellee,**


**VERSUS**


**LOUIS REDONDO; COMMERCE INVESTMENTS INCORPORATED;**
**ONE HUNDRED PLUS CORPORATION; SEVEN H CORPORATION;**
**STACY M. HALL; PEMBROKE CAPITAL INCORPORATED,**

**Defendants,**

**ONE HUNDRED PLUS CORPORATION; SEVEN H CORPORATION;**
**STACY M. HALL,**

**Defendants-Appellants.**


_____

Appeal from the United States District Court
For the Western District of Texas
MO-96-CV-009)
_____
March 25, 1997


Before JONES, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

_____

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Gihls Properties, Inc., appellee, has filed a motion to dismiss this appeal for lack of appellate jurisdiction. The appellants, One Hundred Plus Corporation, Seven H Corporation, and Stacy M. Hall, filed a response to the motion to dismiss this appeal. Service of process against appellants had been achieved through certified mail, on April 27, 1996, and appellants failed and refused to file an answer or other response to the first amended complaint by the requisite date of May 20, 1996. On May 30, 1996, appellee applied to the United States District Court clerk for entry of default against appellants. Likewise, on May 30, 1996, the district clerk filed the entry of default and, on June 3, 1996, the district court entered the default judgment against appellants. This default judgment was not a final judgment because various other defendants who had been served and answered in this cause were still parties to the suit.

On June 10, 1996, the district court entered a final agreed judgment, which awarded appellee a money judgment against one other defendant and dismissed all other defendants with the exception of the appellants. The final judgment also reaffirmed verbatim the default judgment previously entered against appellants. On June 14, 1996, appellants filed an answer in this cause, but on June 18 the district court dismissed such answer as moot because of the entry of final judgment on June 10, 1996. On July 1, 1996, appellants filed a motion to set aside the final judgment on the grounds that it was "the result of mistake, inadvertence, surprise,

2

or excusable neglect as defined in Rule 60 of the Federal Rules of Civil Procedure." On July 18, the district court denied appellants' motion to set aside the judgment. On August 5 and 6, appellants filed their first amended and second amended motions to set aside the default judgment and stay execution of the default judgment. On September 9, 1996, appellants filed a notice of appeal "from the final judgment entered in this action on July 3, 1996 [sic]."

In view of the foregoing chronology we conclude that we do not have appellate jurisdiction. The entry of the agreed final judgment on June 10, 1996, started the 30-day time period during which a notice of appeal must be filed to perfect our appellate jurisdiction. No notice of appeal was filed until September 9, 1996, long after the expiration of the 30-day period. We recognize, of course, that if timely motions are filed under either FED. R. CIV. P. 59 or 60 the running of this 30-day time period may be postponed until 30 days after entry of an order disposing of such motion.

Appellants' motion under Rule 60 to set aside the default judgment was filed on July 1, 1996, but such motion was denied on July 18, 1996. The notice of appeal was not filed until September 9, 1996, which is more than 30 days after the entry of the order denying the Rule 60 motion. We find no provision in the Rules of Civil Procedure which would permit the appellants to re-urge their Rule 60 motion by filing a first amended or a second amended motion

3

to set aside the default judgment. These motions relied on the same ground under Rule 60 which had been asserted in the original motion to set aside default judgment. Such repetitive motions cannot be used to extend the time in which the notice of appeal must be filed. Accordingly, we hold that the notice of appeal filed September 9, 1996, did not effect the appeal of this case and we, accordingly, dismiss this appeal for lack of appellate jurisdiction.

**DISMISSED**.